**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**CASE NO.: 6:23-cv-06186**

| | |
|---|---|
| OMNIA STUDIOS, LLC,<br><br>           Plaintiff,<br><br>v.<br><br>JD E-COMMERCE AMERICA LIMITED,<br>JINGDONG E-COMMERCE (TRADE)<br>HONG KONG CORPORATION, WAL-<br>MART.COM USA, LLC, and WALMART<br>INC.,<br><br>           Defendants. | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff OMNIA STUDIOS, LLC ("Omnia" or "Plaintiff"), by and through its undersigned counsel, members of the bar of this Court, brings this Complaint against JD E-COMMERCE AMERICA LIMITED, JINGDONG E-COMMERCE (TRADE) HONG KONG CORPORATION, WAL-MART.COM USA, LLC, and WALMART INC., who are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Plaintiff's intellectual property within this district, through Walmart online stores under the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY AMERICA, JOYBUY SELECTION, and JOYBUY FASHION, and in support of its claims, alleges as follows:

## SUMMARY OF THE ACTION

1.    Plaintiff Omnia brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of the copyrighted Works in

violation of 17 U.S.C. § 501, and for all the remedies available under the 17 U.S.C. § 101, *et seq.*, and The All Writs Act, 28 U.S.C. § 1651(a).

## SUBJECT MATTER JURISDICTION

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      This Court also has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 301.

## PERSONAL JURISDICTION

4.      All defendants are subject to personal jurisdiction in this district because they avail themselves of the laws of the State of New York, and purposefully direct their activities toward and conduct business with consumers within the state of New York and this district.

5.      WAL-MART.COM USA, LLC and WALMART INC. (the "Walmart Defendants") do business in this district through their retail stores throughout the state.

6.      The Walmart Defendants own and operate the fully interactive Walmart online website at https://www.walmart.com/ ("Walmart.com"), which is accessible in New York.

7.      Walmart.com is an online store that sells a variety of goods including clothing, groceries, and home accessories.

8.      New Yorkers can readily access Walmart.com and are able to purchase an endless variety of goods.

9.      JD E-COMMERCE AMERICA LIMITED and JINGDONG E-COMMERCE (TRADE) HONG KONG CORPORATION are merchants who sell goods to consumers on Walmart.com.

10.     JD E-COMMERCE AMERICA LIMITED and JINGDONG E-COMMERCE (TRADE) HONG KONG CORPORATION do business on Walmart.com under the merchant

names JOYBUY, JOYBUY EXPRESS, JOYBUY AMERICA, JOYBUY SELECTION, and JOYBUY FASHION, and are referred to herein collectively as the "Joybuy Defendants."

11.     Walmart.com allows New Yorkers to browse goods available and purchase them for direct shipping to their homes.

12.     Walmart.com allows New Yorkers to order goods for pickup from stores located in New York.

13.     New Yorkers can readily access the Joybuy Defendants' listings on Walmart.com and are able to purchase a variety of goods, including the counterfeit goods, sold by the Joybuy Defendants.

14.     New Yorkers can browse goods offered for sale by the Joybuy Defendants that are available by direct ship to homes in New York, and also for pickup at Walmart stores in New York.

15.     Walmart.com allows New Yorkers to contact Joybuy Defendants directly by phone through the number listed under "View Seller Information," or via email through Walmart.com.

16.     The Walmart Defendants and the Joybuy Defendants target their business activities toward consumers throughout the United States, including within this district.

17.     Walmart.com promotes sales by the Joybuy Defendants on the internet to New Yorkers through a variety of methods including search engine optimization (SEO) efforts, follow-up emails to New Yorkers who have Walmart.com accounts and who have searched for Joybuy products on Walmart.com, and banner ads promoting Joybuy products that direct customers, including New Yorkers, to additional information on those products and sellers, which include the Joybuy Defendants.

18.     The Joybuy Defendants promote their Walmart.com product listings on the internet, including to New Yorkers, through a variety of methods including search engine optimization (SEO) efforts, follow-up emails to New Yorkers who have Walmart.com accounts, and who have previously purchased products from the Joybuy Defendants, or who have searched for Joybuy products on Walmart.com, and banner ads promoting Joybuy Defendants' products that direct customers, including New Yorkers, to additional information on those products

19.     The Walmart Defendants and Joybuy Defendants secure direct financial benefit from purchases made by New Yorkers as well as indirect commercial gain from the web traffic and sales generated by the Joybuy Defendants' activities on Walmart.com.

20.     A substantial part of the Joybuy Defendants and Walmart.com's revenue derives from their sales to New York customers.

21.     The Walmart Defendants and the Joybuy Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of New York cause Plaintiff injury in New York, and Plaintiff's claims arise out of those activities, pursuant to NY CPLR § 302.

22.     The Walmart Defendants and the Joybuy Defendants are subject to personal jurisdiction in this district because they sold infringing goods to purchasers in the state of New York and in this district causing plaintiff injury in New York and this district, and Plaintiff's claims arise out of those activities, pursuant to NY CPLR § 302.

23.     Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

4
**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ NEW YORK ◆ TENNESSEE ◆ NEW YORK

## VENUE

24.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not resident in the United States and therefore there is no district in which an action may otherwise be brought.

25.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

26.     Venue is proper in this Court pursuant to 28 U.S.C. §1400(a) because Defendants or their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

## THE PARTIES

27.     Omnia Studios, LLC is a South Carolina limited liability company with its principal place of business in Simpsonville, South Carolina.

28.     Wal-mart.com USA, LLC is a California limited liability company registered to do business in New York with its headquarters at 850 Cherry Avenue, San Bruno, California, 94066, and can be served by serving its registered agent CT Corporation System.

29.     Walmart, Inc. is a Delaware Corporation with its headquarters located at 702 SW 8th Street, Bentonville, Arkansas 72716, and may be served with process through its registered agent, CT Corporation System.

30.     JD E-Commerce America Limited, a Delaware limited liability company, is a subsidiary of JD.com, Inc., a Cayman Islands entity and a NASDAQ listed company with a principal place of business in Beijing, China.

31.     Jingdong E-Commerce (Trade) Hong Kong Corporation, is a Hong Kong entity and a subsidiary of JD.com, Inc., a Cayman Islands entity and a NASDAQ listed company with a principal place of business in Beijing, China.

32.     The Joybuy Defendants are affiliates of or are also identifiable by Walmart.com as Joybuy Express of Irvine, CA; Joybuy of Draper, UT; Joybuy America of Irvine, CA; Joybuy Fashion of Mountain View, CA; and Joybuy Selection of Irvine, CA

## **THE PLAINTIFF**

33.     Omnia is an indie jewelry studio that crafts bewitchingly surreal handmade jewelry, using a vast range of magical gemstones and otherworldly trinkets. Omnia creates mesmerizingly unique jewels it describes as "witchy." Its founder and chief designer, Nate Allen, has worked many years in the jewelry design industry.

34.     Omnia's products are sold legitimately through their website at www.omniastudios.com.

35.     Omnia is the exclusive owner with all rights in and to the copyrights described below that are the subject of this action.

36.     Plaintiff offers for sale and sells its products within the State of New York, including this district, and throughout the United States.

37.     Like many other intellectual property rights owners, Plaintiff suffers ongoing daily and sustained violations of its intellectual property rights at the hands of counterfeiters and infringers, such as Defendants herein.

38.     Plaintiff is harmed, the consuming public is duped and confused, and the Defendants earn substantial profits in connection with the infringing conduct.

39.     In order to combat the harm caused by the combined actions of Defendants and others engaging in similar infringing conduct, Plaintiff expends significant resources in

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ NEW YORK ◆ TENNESSEE ◆ NEW YORK

connection with its intellectual property enforcement efforts, including legal fees and investigative fees.

40.    The recent explosion of infringement over the Internet has created an environment that requires companies like Plaintiff to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and itself from the ill effects of infringement of Plaintiff's intellectual property rights, including consumer confusion and the erosion of Plaintiff's brand.

## PLAINTIFF'S COPYRIGHT RIGHTS

41.    Omnia's jewelry designs are protected by copyrights and registered with the Copyright Office (the "Copyrighted Designs").

42.    Plaintiff advertises, markets, promotes and sells its copyrighted jewelry designs using photographs that are protected by copyright and registered with the Copyright Office (the "Copyrighted Photographs").

43.    Plaintiff's Copyrighted Designs and Copyrighted Photographs are duly registered with the Register of Copyrights as visual materials as shown in the table below (the "Works"). True and correct copies of Copyrights Certificates of Registration and the photographs they apply to are attached hereto as Composite Exhibit 1.

| Copyright Title | Registration Number | Registration Date | Exhibit |
|---|---|---|---|
| Oracle (jewelry design) | VA 1-938-414 | 5/28/2014 | 1A |
| Untitled Mermaid Ring Design (jewelry design) | VA 1-911-159 | 3/31/2014 | 1B |
| 06.01.2014 Oracle (2).jpg, 06.01.2014 Oracle.jpg, 06.12.2014 Oracle.jpg | VA 2-231-141 | 12/28/2020 | 1C |

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ NEW YORK ◆ TENNESSEE ◆ NEW YORK

44.     Plaintiff is the owner of all rights in and to the copyrighted Works, some of them by written assignment. A true and correct copy of the Copyright Assignment is attached hereto as Exhibit 2.

45.     Plaintiff's genuine rings are widely legitimately advertised and promoted by Plaintiff using the Copyrighted Photographs.

46.     The Copyrighted Photographs show Plaintiff's high-quality rings from multiple angles to display the design and craftsmanship of the rings. Shown below are some of Plaintiff's Copyrighted Photographs.

  

47.     The Copyrighted Photographs are valuable to Plaintiff's business and are part of its intellectual property assets. The Copyrighted Photographs in perspective, orientation, positioning, lighting and other details are entirely original, distinctive, and unique.  As such, each qualifies as subject matter protectable under the Copyright Act.

48.     Only the Plaintiff has authorization to advertise, market, or promote the Copyrighted Designs.

## WALMART DEFENDANTS

49.     The Walmart Defendants describe Walmart.com as "a curated community of respected, professional sellers who offer only top-quality, authentic products and best-in-class customer service."

50.     Walmart.com claims to only allow "qualified businesses" to sell their products on Walmart.com, and to have a selection process that analyzes each seller's catalog, operations, and business information to help ensure those sellers provide "high-quality experiences" to Walmart.com.

51.     Walmart.com claims to respect the intellectual property rights of others.

52.     Walmart.com's "Copyright Claims" policy states that "[c]opyright protected content can be removed and/or disabled if it was utilized or disseminated by Walmart.com without proper permission from the copyright owner."

53.     Walmart.com's "Counterfeit Claims" policy states that where there is a claim of counterfeiting, "Walmart reserves the right to remove any content it believes to be counterfeit and further reserves the right to take any additional measures it deems appropriate in handling a claim of counterfeit goods."

54.     Walmart.com's "Repeat Infringer Policy" states that it takes "appropriate action against parties it categorizes as repeat infringers. A repeat infringer includes, but is not limited to, anyone who qualifies as such under the DMCA or who receives multiple claims of IP infringement and such claims are determined by Walmart to be valid. Action may include, but is not limited to, removal of listings and suspension or termination of any relationship with Walmart."

55.     Paragraph 2(e) of Walmart.com's Marketplace Program Terms and Conditions requires sellers sell only products that are "authentic, authorized for sale, and not stolen,

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ NEW YORK ◆ TENNESSEE ◆ NEW YORK

counterfeit, illegal or misbranded," and that do not "infringe[] any third-party "Intellectual Property Rights." Paragraph 2(f) states that once Walmart.com has removed a retailer product in response to a notice of violation of intellectual property, the seller must ensure that the removed "Products and related Retailer Product Content no longer appear on the Walmart.com Sites."

56. Walmart.com engages in unfair competition with Plaintiff by allowing sellers such as the Joybuy Defendants to continually advertise, offer for sale, and sell goods bearing or using infringements of Plaintiff's intellectual property rights to consumers within the United States and this district through Walmart.com using the Seller IDs, competing with Plaintiff's economic interests and causing Plaintiff harm and damage within this jurisdiction.

57. Walmart.com, by facilitating the Joybuy Defendants' ability to sell and offer to sell products that infringe Plaintiff's intellectual property rights, is contributorily infringing Plaintiff's intellectual property rights.

58. Walmart.com facilitates the illegal actions of the Joybuy Defendants, resulting in the natural and intended byproduct of these actions, the erosion and destruction of the goodwill associated with Plaintiff's intellectual property rights and the destruction of the legitimate market sector in which it operates.

59. Upon information and belief, at all times relevant hereto, Walmart.com had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

## THE JOYBUY DEFENDANTS

60. The Joybuy Defendants have registered, established, or purchased, and maintained and operated seller ID accounts at Walmart called JOYBUY, JOYBUY EXPRESS, JOYBUY AMERICA, JOYBUY SELECTION, and JOYBUY FASHION,.

61.     The Joybuy Defendants use their seller ID accounts at Walmart.com to target their business activities toward consumers throughout the United States, including within this district, under the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY AMERICA, JOYBUY SELECTION, and JOYBUY FASHION,.

62.     The Joybuy Defendants are the past and present controlling forces behind the sale of products bearing or using infringements of Plaintiff's intellectual property rights as described under the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY AMERICA, JOYBUY SELECTION, and JOYBUY FASHION,.

63.     The Joybuy Defendants directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods bearing or using infringements of Plaintiff's intellectual property rights to consumers within the United States and this district through Walmart.com using the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY AMERICA, JOYBUY SELECTION, and JOYBUY FASHION,.

64.     The Joybuy Defendants use the Copyrighted Photographs, or substantially similar photographs, and these denominations and content are indexed on search engines and compete directly with Plaintiff for space in search results.

65.     The Joybuy Defendants are using infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their individual seller stores at Walmart.com operating under the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY AMERICA, JOYBUY SELECTION, and JOYBUY FASHION, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

66.     The Joybuy Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Plaintiff's economic interests throughout the United States, including in the state of New York, and causing Plaintiff harm and damage within this jurisdiction.

67.     The natural and intended byproduct of the Joybuy Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiffs' intellectual property rights and the destruction of the legitimate market sector in which it operates.

68.     Upon information and belief, at all times relevant hereto, the Joybuy Defendants had actual or constructive knowledge of Plaintiff's intellectual property rights, including Plaintiff's exclusive right to use and license such intellectual property rights.

## DEFENDANTS' INFRINGING ACTIVITIES

69.     Plaintiff's business success purveying its high-quality, handmade, and unique jewelry has resulted in infringement of the Copyrighted Designs and Photographs.

70.     The Defendants are promoting, advertising, distributing, selling, and/or offering for sale cheap copies of Plaintiff's rings in interstate commerce that are counterfeits and infringements of Plaintiff's intellectual property rights (the "Counterfeit and Infringing Goods") through Walmart.com operating under the Seller IDs with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY AMERICA, JOYBUY SELECTION, and JOYBUY FASHION. True and correct copies of the web pages captured and downloaded showing the infringements at Walmart.com are attached hereto as Composite Exhibit 3.

71.     The Joybuy Defendants are using pirated copies of the Copyrighted Photographs or substantially similar photographs in their infringing activities, as evidenced by the web pages captured in Composite Exhibit 3.

72.     As shown in the comparison below, Defendants are using Plaintiff's Copyrighted Photographs to sell their cheap counterfeits on Walmart.com.

**PLAINTIFF'S COPYRIGHTED PHOTOGRAPHS:**



**DEFENDANTS' LISTING:**



73.     The Defendants are operating on Walmart.com using pirated copies of the Copyrighted Photographs to initially attract online customers and drive them to the Defendants' goods at Walmart.com.

74.     The Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality,

handmade, handmade, unique designed rings offered for sale by Plaintiff, despite the defendants' knowledge that they are without authority to use the Copyrighted Designs and Photographs.

75.    Defendants' Counterfeit and Infringing Goods are of a quality substantially different than that of Plaintiff's genuine goods.

76.    Plaintiff reported listings that infringed its intellectual property rights to Walmart, who subsequently took down the listings that Plaintiff reported. Despite the listings containing identical or near identical listing titles such as "Lucky Beaded Wedding Ring Lucky Cristal Ring for Friend Wife Girlfriend Vintage Ring," Walmart has failed to identify and remove other infringing listings by Defendants.

77.    The net effect of Defendants' actions is consumer confusion at the time of initial interest, sale, and in the post-sale setting. Consumers are likely to believe Defendants' goods are genuine high-quality, handmade, unique special designed rings originating from, associated with, and approved by Plaintiff.

78.    The Defendants advertise their e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via Walmart.com.

79.    In so advertising their stores and products, Defendants improperly and unlawfully used one or more of the Copyrighted Designs and Copyrighted Photographs without Plaintiff's permission.

80.    As part of their overall infringement and pirating scheme, the Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar advertising and marketing strategies based in large measure upon an illegal use of the Copyrighted Photographs or substantially similar photographs. The web pages captured and downloaded display the same advertising images of the rings.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ NEW YORK ◆ TENNESSEE ◆ NEW YORK

81.     Specifically, the Defendants are using pirated versions of the Copyrighted Product Photographs or substantially similar photographs in order to make their individual seller stores at Walmart.com selling illegal goods appear more relevant and attractive to consumers searching for both Plaintiff's goods and goods sold by Plaintiff's competitors online.

82.     By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to legitimate marketplaces and Plaintiff's website for Plaintiff's genuine rings featured in the Copyrighted Photographs.

83.     Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Plaintiff's intellectual property rights, and (iii) increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet.

84.     The Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

85.     As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

86.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the copyrighted Works, including its exclusive right to use such intellectual property and the goodwill associated therewith.

87.     Defendants' use of one or more infringing versions of the Copyrighted Photographs for the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit and Infringing Goods, is without Plaintiff's consent or authorization.

88.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's intellectual property rights for the purpose of trading on Plaintiff's goodwill and reputation.

89.     If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

90.     Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

91.     Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Plaintiff's genuine goods and Defendants' Counterfeit and Infringing Goods, which there is not.

92.     Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' counterfeiting and infringing, and their unfairly competitive activities connected with the merchant names JOYBUY, JOYBUY EXPRESS, JOYBUY AMERICA, JOYBUY SELECTION, and JOYBUY FASHION  at Walmart.com.

93.     Plaintiff is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Plaintiff's intellectual property rights.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ NEW YORK ◆ TENNESSEE ◆ NEW YORK

94.     If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

95.     The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, distribution, advertisement, promotion, offers to sell, and sale of their Counterfeit and Infringing Goods, with pirated versions of Plaintiff's Copyrighted Photographs or substantially similar photographs.

96.     Defendants have sold their infringing products in competition directly with Plaintiff's genuine products.

97.     Plaintiff should not have any competition from Defendants because Plaintiff never authorized Defendants to use Plaintiff's copyrights.

98.     Plaintiff has no adequate remedy at law.

## COUNT I
## COPYRIGHT INFRINGEMENT

99.     Plaintiff incorporates the allegations of paragraphs 1 through 98 of this Complaint as if fully set forth herein.

100.    Plaintiff has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue in this action.

101.    Defendants directly infringed Plaintiff's exclusive rights in its Copyrighted Photographs and Copyrighted Designs under 17 U.S.C. § 106.

102.    Defendants copied, displayed, and distributed Plaintiff's Copyrighted Photographs and Copyrighted Designs and/or prepared derivative works based upon Plaintiff's

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ NEW YORK ◆ TENNESSEE ◆ NEW YORK

copyrighted works in violation of Plaintiff's exclusive rights under 17 U.S.C. §106(1), (2) and/or (5).

103.    Defendants' conduct constitutes willful and direct copyright infringement of Plaintiff's Copyrighted Photographs and Copyrighted Designs.

104.    Defendants profited from the direct infringement of the exclusive rights of Plaintiff under the Copyright Act.

105.    Defendants' infringement is not limited to the copyright infringement listed above. Plaintiff will identify such additional infringement after discovery.

106.    Upon information and belief, there is a business practice of infringement by Defendants.

107.    Upon information and belief, Defendants routinely and intentionally infringe the intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

108.    Plaintiff has been damaged by the infringement.

109.    The harm to Plaintiff is irreparable.

110.    Plaintiff is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

111.    Plaintiff is entitled to recover its actual damages and/or statutory damages, at its election.

112.    Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in this action.

## COUNT II
## AGAINST WAL-MART.COM USA, LLC, AND WALMART, INC.
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

113.     Plaintiff incorporates the allegations of paragraphs 1 through 98 and 100 through 112 of this Complaint as if fully set forth herein.

114.     Pursuant to 17 U.S.C. §411, Plaintiff's Copyrighted Product Photographs are protected by copyright, without registration requirements.

115.     Plaintiff has identified and reported to Walmart listings on Walmart.com that infringe Plaintiff's intellectual property.

116.     Walmart has failed to prevent infringement of Plaintiff's intellectual property

117.     Through its conduct, Walmart materially contributed to the infringement of Plaintiff's copyrights.

118.     By facilitating and enabling the listing and relisting products for sale that infringed Plaintiff's copyrights, Walmart contributed to the infringement.

119.     Walmart allowed infringing listings and/or relistings to be made on Walmart.com after having been put on notice as to their infringement of Plaintiff's copyrights.

120.     Walmart failed to take reasonable steps to prevent the infringement of Plaintiff's copyrights.

121.     Walmart failed to take reasonable steps to identify and remove listings that unlawfully used Plaintiff's copyrights.

122.     Walmart knew or should have known of the infringement of Plaintiff's copyrights and allowed the infringement to continue.

123.     Walmart's actions and inaction contributed to the infringement of Plaintiff's copyrights.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ NEW YORK ◆ TENNESSEE ◆ NEW YORK

124.    Walmart's conduct constitutes contributory copyright infringement of Plaintiff's Copyrighted Product Photographs.

125.    Plaintiff has been damaged by the infringement.

126.    The harm to Plaintiff is irreparable.

127.    Plaintiff is entitled to temporary and permanent injunctive relief.

128.    Plaintiff is entitled to recover its actual damages and/or statutory damages, at its election.

129.    Plaintiff is entitled to recover its reasonable costs and attorneys' fees incurred in this action.

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

    a.    Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C § 502 and 503 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from copying, displaying, distributing or creating derivative works from Plaintiff's registered copyrights, or, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit and Infringing Goods.

    b.    Entry of an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. §503.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ NEW YORK ◆ TENNESSEE ◆ NEW YORK

c.  Entry of an Order requiring all Defendants to account to and pay Plaintiff for actual damages and all profits resulting from Defendants' copyright infringement, for all infringements involved in the action, with respect to any one work, for which Defendants are liable as the Court considers just pursuant to 17 U.S.C. §504(a)(1) and (b).

d.  Entry of an award pursuant to 17 U.S.C. § 505 of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action, including the cost of corrective advertising.

e.  Entry of an award of pre-judgment interest on the judgment amount.

f.  Entry of an Order for any further relief as the Court may deem just and proper.

Dated:  March 31, 2023                     Respectfully submitted,


_/s/ Joseph A. Dunne_____
JOSEPH A. DUNNE
NY Bar Number. 4831277
joseph.dunne@sriplaw.com
ELIEZER LEKHT
NY Bar Number:  5762497
eliezer.lekht@sriplaw.com

**SRIPLAW, P.A.**
175 Pearl Street
Third Floor
Brooklyn, NY 11201
929.200.2474 – Telephone
561.404.4353 – Facsimile

_Counsel for Plaintiff Omnia Studios, LLC_